## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

ALBERT W. CALLWOOD, MARIA DE LOS A.    )
CALLWOOD,    )
    )
       Plaintiff,    )
    )    **Case No. 18-cv-0031**
v.    )
    )
ALBERT BRYAN, GOVERNOR; NELSON PETTY,    )
PUBLIC WORKS COMMISSIONER; GABRIEL    )
ROMAN—CUSTOM BUILDERS; KEON RAWLINGS—    )
SURVEYOR; GOVERNMENT OF THE UNITED    )
STATES VIRGIN ISLANDS    )
    )
       Defendants.    )
    )

## ORDER

**BEFORE THE COURT** is the April 12, 2019 Order to Show Cause, ECF No. 16, directed at Plaintiffs Albert W. Callwood and Maria De Los A. Callwood ("the Callwoods"). For the reasons set forth herein, this matter will be dismissed for lack of subject matter jurisdiction.

On May 29, 2018, the Callwoods initiated this action by filing a complaint in this Court.[1] Though the precise nature of the Callwoods' claim is unclear, the Callwoods appear to claim that a governmental construction project on or near their property constitutes a taking of their property.

---

[1] The Callwoods filed proofs of service for all defendants on June 13, 2018, indicating that each defendant was served on May 29, 2018. None of the defendants have answered or filed a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). On November 26, 2018, March 5, 2019, and April 1, 2019, the Callwoods filed documents purporting to be amended complaints. The Callwoods did not seek leave from the Court to amend their pleadings. Accordingly, neither of those pleadings are properly before the Court. *See* Fed. R. Civ. P. 15(a)(1)-(2); *see also Gagliardi v. Verizon Pennsylvania Inc.*, 357 Fed. App'x 413, 414 (3d Cir. 2009) ("Shortly after Trans Union removed the case to federal court and answered the complaint, Gagliardi attempted to amend the complaint. That attempt, styled as his "First Amended Complaint," was unsuccessful because he did not seek leave to amend, as required by Fed. R. Civ. P. 15(a)(2).").

*Callwood v. Bryan, et al..*
Case No. 18-cv-0031
Order
Page 2

On April 12, 2019, the Court ordered the Callwoods to submit briefs with references to appropriate authorities indicating why this matter should not be dismissed for lack of subject matter jurisdiction no later than April 25, 2019. ECF No. 16. Notice was sent to the Callwoods via certified mail on April 25, 2019, ECF No. 18, and was returned to the Court as refused on July 2, 2019, ECF No. 19. The Callwoods filed no response to the Court's Order.

The Court has previously held:

> The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory. *See* 28 V.I.C. §§ 411-422. These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled. They provide the opportunity for the Callwoods to voice their core objection – that this taking is not, in fact, for public use.
> Such proceedings are ordinarily a function of the Virgin Islands Superior Court. Indeed, the Superior Court's exercise of this function is, in the first instance, exclusive. *See Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996) (holding that the District Court erred when it asserted jurisdiction over an eminent domain case removed from the Territorial Court).

*Callwood v. Gov't of the Virgin Islands*, 2007-cv-104, ECF No. 18 at 4-5 (D.V.I. Feb. 4, 2011); *see also Callwood v. Gov't of the Virgin Islands*, 2014-cv-08, 2016 WL 1069066, at *1 (D.V.I. Mar. 17, 2016) ("The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory. These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled." (quoting *Callwood*, 2007-cv-104, ECF No. 18 at 4-5)). Therefore, the Court finds that the exclusive jurisdiction over eminent domain actions granted to the Superior Court precludes the Court from exercising jurisdiction in this matter, especially where it is clear that the citizenship of the parties is not diverse.

*Callwood v. Bryan, et al..*
Case No. 18-cv-0031
Order
Page 3

Accordingly, and considering the Callwood's refusal to accept service or abide by this

Court's Order, it is hereby

**ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction. It is

further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE.**


**Dated:** September 13, 2021                 /s/ Robert A. Molloy
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**